UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARITZA RAVELO,

    Plaintiff,

v.                                              CASE NO: 8:09-cv-865-T-26EAJ

SHUTTS & BOWEN, LLP,

    Defendant.
_____/

## O R D E R

Before the Court is Defendant's Motion to Compel Arbitration and to Stay Case (Dkt. 8),[1] and Plaintiff's Memorandum in Opposition. (Dkt. 13.) After careful consideration of the arguments and the applicable law, the Court concludes that the motion should be granted.

### PERTINENT FACTS

Plaintiff Maritza Ravelo began working for Shutts & Bowen LLP (Shutts & Bowen) in March 2006, and as a condition of her employment, signed an agreement to arbitrate employment disputes on March 10, 2006. Almost two years later, on February 21, 2008, Plaintiff signed a second arbitration agreement. That agreement provides in pertinent part:

---

[1] The motion to stay was denied as unnecessary on May 20, 2009. See docket 9.

> In consideration for my employment . . . the undersigned
> employee agrees to resolve all claims, controversies or
> disputes which may arise out of his/her employment with the
> Firm (including statutory claims) by submitting these claims
> to final and binding arbitration.

On May 9, 2009, Plaintiff filed this lawsuit alleging racial discrimination and retaliation in violation of Title VI of the Civil Rights Act. Defendant responded by filing this motion to compel arbitration. Plaintiff claims she was unaware that she had signed an agreement to binding arbitration until May 19, 2009, and she contends that no one at Shutts & Bowen ever informed her verbally of the requirement that she must mediate and arbitrate her claims. She asserts that had she been given the opportunity to mediate as part of the EEOC proceedings, she would have done so. She also asserts that she had no opportunity to negotiate the arbitration provision. As she was handed the agreement to sign, she was told that she was merely signing a receipt for the employee handbook.

## ANALYSIS

Plaintiff raises four grounds in defense: (1) procedural and substantive unconscionability; (2) equitable estoppel for failure to raise arbitration at any time throughout the EEOC proceedings; (3) waiver for failure to raise arbitration at any time throughout the EEOC proceedings; and (4) laches. First, the issue of whether an arbitration agreement is unconscionable must be decided by the arbitrator. See Integrated Sec. Servs. v. Skidata, Inc., No. 08-23301-CIV, 2009 WL 1096513, * 1 (S.D. Fla. Apr. 23, 2009). Plaintiff takes issue with her signing of the entire agreement because she asserts she was tricked into signing it to acknowledge receipt of the employee handbook.

Having not challenged a particular defect in the arbitration clause, as opposed to the arbitration agreement as a whole, Plaintiff must now seek a decision regarding unconscionability from the arbitrator, not the district court. Id. (citing Buckeye Check Cashing v. Cardegna, 546 U.S. 440, 449, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006)).

Second, Plaintiff claims that Shutts & Bowen is equitably estopped from compelling arbitration because no mention of its desire to arbitrate was made during the EEOC proceedings. Plaintiff relies on the fact that Shutts & Bowen declined to engage in mediation, which is required under the arbitration agreement and as part of the EEOC process. By requiring the parties to mediate before filing an arbitration proceeding and by declining to mediate at the EEOC proceedings, Shutts & Bowen acted inconsistently and should therefore be estopped from seeking to arbitrate, argues Plaintiff. Plaintiff, however, cites no authority for this proposition and the Court knows of none to substantiate this position. Therefore, the Court finds that no equitable estoppel has occurred.

Third, Plaintiff asserts that Shutts & Bowen has waived the right to arbitrate by declining to mediate during the EEOC proceeding, thereby foreclosing her from filing for arbitration. Clearly, the lack of mediation does not foreclose arbitration pursuant to the terms of the arbitration agreement. Despite Plaintiff's complaints, apparently, the EEOC was not informed that the provision to mediate existed in the arbitration agreement between the parties, and Plaintiff admits that case law does not find a waiver of arbitration when the EEOC is not informed of the provision in the agreement to mediate.

Absent any authority to the contrary, the Court finds that a waiver of arbitration has not occurred.

Finally, Plaintiff raises the doctrine of laches, urging that she has been prejudiced by the delay in the assertion of the right to arbitrate. The Court finds that Shutts & Bowen timely asserted its right to compel arbitration once Plaintiff filed suit. Under the totality of the circumstances, there has been no substantial participation in litigation which is inconsistent with the intent to arbitrate and certainly Plaintiff has not been prejudiced. See Ivax Corp. v. B. Braun of Am., Inc., 286 F.3d 1309, 1315-16 (11th Cir. 2002). Accordingly, the Court directs that this case be arbitrated.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Defendant's Motion to Compel Arbitration (Dkt. 8) is **GRANTED**.

(2) Defendant's request for attorney's fees and costs in connection with the filing of this motion (Dkt. 8) is **DENIED**.

(3) All proceedings in this case are stayed and the parties are directed to arbitrate this case in accord with their arbitration agreement.

(4) The clerk is directed to administratively close this case during the period of arbitration.

(5) The parties shall file a report with the Court as to the outcome of the arbitration proceedings within seven (7) days of the conclusion of those proceedings.

(6) Defendant's Motion for Leave to File Reply (Dkt. 15) is denied as moot.[2]

**DONE AND ORDERED** at Tampa, Florida, on June 5, 2009.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[2] The Court notes that the motion to file a reply is in fact a substantive reply. Counsel is cautioned regarding subverting the rules of this Court which prohibits the filing of a reply without leave of court. See Local Rule 3.01(c)